## J. W. KINNEY v. THE STATE.

No. 13562. Delivered October 29, 1930.
Reported in 33 S. W. (2d) 463.

The opinion states the case.

*L. D. Stroud* of Beeville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for theft of cattle; punishment, two years in the penitentiary.

The testimony shows without conflict that a cow belonging to prosecuting witness disappeared from his home, and was found by him something like a week later in possession of a party who testified on the trial that appellant sold said cow to him and claimed her as his property. The prosecuting witness further testified that after he located the cow and claimed her, appellant came to his house and tried to buy the cow from him. The defense interposed seems to be that of insanity. Upon this issue the testimony was conflicting. A number of appellant's neighbors who had dealings with him testified that in their opinion he was sane. Some of appellant's relatives and other witnesses testified that they believed him of unsound mind. The settlement of such conflicting testimony was for the jury.

We find in the record two bills of exception. One complains of the fact that witness Reid, who knew appellant and had had business transactions with him, was permitted to say that he had found him a pretty good trader. The objection to this was that it called for a conclusion of the witness, and further that same would have no bearing upon any issue in the case. We are not in accord with either contention. The fact that a man is a good business man would have legitimate bearing upon whether he was insane or not; and the expression of the fact that such party was a good business man, a good blacksmith, a good garage man, a good banker, a good lawyer, etc., would be a matter about which a witness might have knowledge and should be permitted to express it.

The other bill of exception complains that the State was permitted to ask a defense witness, who had expressed his opinion that appellant was insane at the time of the alleged theft in this case, if he had not filed a complaint for lunacy against appellant in the county court. We are unable to see how the asking of such question in anywise affected the jury's belief of the truth of the testimony of the witness, or how it could prejudicially affect the rights of the accused.

The judgment will be affirmed.

*Affirmed.*

HAWKINS, J., absent.